**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EARNEST T. LYONS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-01572-JSD |
| | ) | |
| ST. LOUIS CITY JUSTICE CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on the application of self-represented plaintiff Earnest T. Lyons, Jr. for leave to commence this action without payment of the required filing fee. Having reviewed the application and the financial information submitted in support, the Court finds plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1. Furthermore, based on an initial review of the complaint, the Court will allow plaintiff thirty days to file an amended complaint in accordance with the instructions set forth below.

**Initial Partial Filing Fee**

A prisoner bringing a civil action is required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency

having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a certified account statement as required by § 1915(a)(2), although he has asked his institution, the St. Louis City Justice Center, to provide him with one. ECF No. 1-2 at 4. Nevertheless, having reviewed the information contained in the motion, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820

F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).

### The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the St. Louis City Justice Center ("STLJC"); Jennifer Abdullah-Clemons, Commissioner, STLJC; and Tammy Ross, Deputy Commissioner, STLJC, arising out of the conditions at the jail from February 16, 2023 to the present. Plaintiff claims that he has been living under inhumane conditions.

Plaintiff states that for his housing unit of 80 inmates, only 4 showers work. As to the four working showers, he states the STLJC does not provide proper cleaning products, and months go by without the showers being cleaned. He states the showers contain feces, urine, semen, flies, and mold.

Plaintiff states that officers spray prisoners daily with mace "for the smallest reasons like asking to have your rights and needs met." He states that the officers then leave the inmates who have been maced inside their cells without medical attention for hours.

Inmates flood the housing unit regularly, likely in protest of the conditions. After an inmate floods the unit, plaintiff states that the prison's staff does not allow other inmates get the water out

of their cells. "Inmates had to wake up, eat and go to sleep for weeks with water in their cells and, this water consisted of toilet water, urine and feces. When an inmate floods [the unit], [staff] turns the unit water off for days at a time."

Plaintiff states that inmates are not given enough food. He states they are served child-sized portions. He claims inmates are losing weight and "[s]ome inmates have lost up to 40 pounds. After the riot on August 22, 2023 the proportions got smaller[.] [T]he jail is punishing inmates by starving us."

He states that laundry that is supposed to come twice weekly, but comes only once a month. Inmates compensate by washing clothes in their cells with hand soap, but they are only given two bars of hotel-sized hand soap.

Because of the overcrowding, inmates are denied status privileges, and different status inmates are housed in the same unit. Inmates in plaintiff's unit, Unit 4-B, are allowed only one ten-minute phone call per month, and inmates have to choose between calling their family or their attorneys. Additionally, plaintiff states inmates have no physical recreation time, "they keep inmates trapped in cell 24 hours a day without any physical recreation."

Because of these jail conditions, plaintiff has been suffering psychologically. He feels "completely cut off from the outside world. Having to face self-esteem issues from not being groomed for over 10 months, and having bad body odor not being able to bathe for weeks at a time. Pain and suffering living under inhumane conditions having to wake up eat and sleep in infested water. Having to take showers in infested showers[,] living like an animal. Being in a depressed state mentally[,] sleeping most of the day [due] to lack of nutrition and weight lost due to small-sized proportion meal."

-4-

For relief, plaintiff seeks an award of $8 million.

### Discussion

Plaintiff sues defendants under § 1983 claiming that the living conditions at the STLJC are so inhumane as to violate his Eighth Amendment rights to be free of cruel and unusual punishment. In determining whether pretrial detention is unconstitutionally punitive, the United States Court of Appeals for the Eighth Circuit has applied the deliberate indifference standard. *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *see also Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014). In particular, the Eighth Circuit has explained that this standard is applicable when "the governmental duty to protect at issue…is not based on a pretrial detainee's right to be free from punishment but is grounded in principles of safety and well-being." *Butler v. Fletcher*, 465 F.3d 340, 344 (8th Cir. 2006). To that end, the Eighth Circuit has held "that deliberate indifference is the appropriate standard of culpability for all claims that prison officials failed to provide pretrial detainees with adequate food, clothing, shelter, medical care, and reasonable safety." *Id*. at 345.

Plaintiff's complaint is subject to dismissal because he has not named the proper defendants. As to the STLJC, plaintiff's claims are legally frivolous because this entity cannot be sued. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local governments are "not juridical entities suable as such."). Plaintiff has not alleged that any policy or custom of the City of St. Louis was responsible for the alleged constitutional violations. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).

As to the individual defendants, plaintiff has not named the individuals directly responsible for the prison conditions. He names only Jennifer Abdullah-Clemons, the Commissioner at STLJC, and Tammy Ross, the Deputy Commissioner at STLJC. Plaintiff has listed neither women in the

body of the complaint, and has made no direct allegations against them. Presumably, Abdullah-Clemons and Ross are employed in supervisory positions. It is settled "that a warden's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement." *Reynolds v. Dormire*, 636 F.3d 976, 981 (8th Cir. 2011). To establish liability under §1983, plaintiff has to name as defendants those individuals directly responsible for the prison condition he complains of, stating how that defendant was directly and personally involved.

Because plaintiff is proceeding as a self-represented litigant, and has presented serious allegations to the Court, he will be allowed to amend his complaint according to the instructions set forth below.

### Instructions for Filing an Amended Complaint

The Court will provide plaintiff with another form Prisoner Civil Rights Complaint. In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

In structuring his amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the

dismissal of that defendant. If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with these instructions, the Court will dismiss this action without prejudice and without further notice to plaintiff.

### Motion for Appointment of Counsel

Finally, plaintiff has filed a motion to appoint counsel. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's application to proceed in district court without prepaying fees or costs is **GRANTED**. [ECF No. 2]

-8-

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within **thirty (30) days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail plaintiff a copy of the Court's form Prisoner Civil Rights Complaint.

**IT IS FURTHER ORDERED** that plaintiff shall have **thirty (30) days** from the date of this Memorandum and Order to file an amended complaint in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff does not file an amended complaint in accordance with these instructions, the Court will dismiss this action without prejudice and without further notice to plaintiff.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED**. [ECF No. 3]

Dated this 8th day of December, 2023.

_____
JOSEPH S. DUEKER
UNITED STATES MAGISTRATE JUDGE